IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE THOMPSON, # 134669, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:13cv65-WHA |
| ) | (WO) |
| ALABAMA BOARD OF PARDONS ) | |
| & PAROLES, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama prisoner Willie Thompson ("Thompson") on January 29, 2013.[1]  Thompson challenges the revocation of his parole on August 3, 2009.

**I.  BACKGROUND**

Thompson was convicted of murder in March 1983 in the Circuit Court of Lowndes County, Alabama, and was sentenced to 50 years in prison.  *See* Doc. No. 14-1 at 34.[2]  In May 2007, he was granted parole.  *Id*.  On June 26, 2009, his parole officer filed a parole-violation report with the Alabama Board of Pardons & Paroles ("Board") alleging he had violated the conditions of his parole by committing a new criminal offense, specifically, first-degree

---

[1] Although Thompson's petition was date-stamped as received in this court on January 30, 2013, the petition was signed by Thompson as delivered to prison authorities for mailing on January 29, 2013.  Under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999).

[2] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this action.  All page references are to those assigned by CM/ECF.

abuse. *Id*. at 34-35. A parole-court hearing was held on July 10, 2010. Based on the evidence, the hearing officer found Thompson guilty of violating the conditions of his parole and recommended that his parole be revoked. *Id*. at 37-41. On August 3, 2009, after considering the evidence presented at parole court and the findings and recommendation of the hearing officer, the Board revoked Thompson's parole. *Id*. at 44-45.

On April 18, 2011, Thompson filed a petition for a common-law writ of certiorari in the Circuit Court of Montgomery County, Alabama, alleging that the Board had denied him due process and equal protection in revoking his parole. *See* Doc. No. 14-1 at 4-12. On June 30, 2011, the circuit court entered an order denying Thompson's petition for a common-law writ of certiorari. *Id*. at 46-47.

Thompson appealed to the Alabama Court of Criminal Appeals, and on December 2, 2011, that court affirmed the circuit court's judgment in an unpublished memorandum opinion. Doc. No. 14-2 at 41-45. Thompson moved for rehearing, which was overruled on January 13, 2012. *Id*. at 47. He then filed a petition for writ of certiorari with the Alabama Supreme Court. On February 15, 2012, the Alabama Supreme Court ordered that his petition for writ of certiorari be stricken as untimely filed. *Id*. at 56.

On January 29, 2013, Thompson filed this petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. No. 1), asserting claims arising from an alleged lack of due process and equal protection in his 2009 parole revocation proceedings. Specifically, he asserts (1) he was deprived of a two-tiered hearing procedure in the revocation of his parole as required, he says, under *Morrissey v. Brewer*, 408 U.S. 471 (1972), and (2) he did not receive the required written

statement of the evidence relied upon and the reasons for revocation of his parole.[3]  Doc. No. 1 at 7-8.[4]

The respondents argue that Thompson's § 2254 petition is time-barred under the one-year federal limitation period in 28 U.S.C. § 2244(d).  Doc. No. 14.  After careful review of the pleadings, evidentiary materials, and applicable law, the court concludes no evidentiary hearing is required and that Thompson's petition should be denied as untimely.

## II. DISCUSSION

Title 28 U.S.C. § 2244(d) provides the limitation period for federal habeas petitions and states:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[3] In *Morrissey*, the United States Supreme Court held that constitutional due process requires that prior to revocation of parole, a parolee must receive the following: (1) advance written notice of the alleged parole violations; (2) disclosure of the evidence against him; (3) a hearing before a "neutral and detached" hearing body; (4) the opportunity to be heard in person and to call witnesses and present evidence; (5) the right to confront and cross-examine adverse witnesses, unless good cause is found for not allowing confrontation; and (6) a written statement by the factfinders setting out the evidence relied on and the reasons for revoking parole.  *See* 408 U.S. at 489.

[4] It was originally unclear from Thompson's § 2254 petition whether he was challenging the 2009 revocation of his parole or the 2010 Board decision denying him parole, or both.  Thompson subsequently clarified that he is challenging only the 2009 revocation of his parole.  *See* Doc. No. 23 at 3-4.

>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, the Board revoked Thompson's parole on August 3, 2009. Under *Brown v. Barrow*, 512 F.3d 1304 (11th Cir. 2008), the one-year limitation period for Thompson to challenge the judgment of revocation ran from the date of the state parole board's decision, i.e., "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *see Brown*, 512 F.3d at 1307 n.1 ("We join our sister circuits in deciding that subsection D, and not subsection A, applies in this circumstance."); *Hawes v. Howerton*, 335 Fed. App'x 882, 884 (11th Cir. 2009) (following *Brown*). Therefore, absent statutory or equitable tolling, Thompson had until August 3, 2010, to file a 28 U.S.C. § 2254 petition considered timely.

In Alabama, there is no direct appeal procedure by which an inmate can appeal the Alabama Board of Pardons & Paroles' decision to revoke parole. A petition for a common-law writ of certiorari filed in the Circuit Court of Montgomery County is the proper method to challenge such a ruling by the Board. *Samuels v. Alabama Board of Pardons & Paroles*, 687

So.2d 1287 (Ala. Crim. App. 1996); *Ellard v. State*, 474 So.2d 743 (Ala. Crim. App. 1984), aff'd, 474 So.2d 758 (Ala. 1985). Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state post-conviction or other collateral review is pending is not counted toward the one-year federal limitation period for filing a § 2254 petition for habeas corpus relief. Consequently, a properly filed petition for a common-law writ of certiorari in the Circuit Court of Montgomery County will activate the tolling provision of 28 U.S.C. § 2244(d)(2). However, Thompson's filing of a petition for a common-law writ of certiorari in the Montgomery County Circuit Court on April 18, 2011, did not toll the limitation period under § 2244(d)(2), because the federal limitation period ran unabated during the one-year period between August 3, 2009, and August 3, 2010, and had already expired before the petition for a common-law writ of certiorari was filed. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (a state court petition filed following expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled); *Hawes*, 335 Fed. App'x at 884 (same).

Although afforded an opportunity to do so, Thompson has not demonstrated that the limitation period in his case is controlled by a subsection of the statute other than § 2244(d)(1)(D) (*see* § 2244(d)(1)(A)-(C)) or that equitable tolling of the limitation period is warranted in his case. Therefore, this court finds that the limitation period expired on August 3, 2010, and Thompson's § 2254 petition filed on January 29, 2013, is untimely.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition

for habeas corpus relief filed by Thompson be denied as untimely under 28 U.S.C. 2244(d) and that this case be dismissed with prejudice.

It is further

ORDERED that on or before **February 25, 2015** the parties shall file objections to the said Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised this Recommendation is not a final order; therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 11th day of February, 2015.

                                    /s/Charles S. Coody
                                    CHARLES S. COODY
                                    UNITED STATES MAGISTRATE JUDGE